FILED 17 JAN '25 1553 USDC-ORE

Joseph Scheinberg

Emal: epikshine@gmal.com

12226 Corporate Blvd Ste 142-508

Orlando, FL 32817

Fax#: (602)584-7443

Cell Phone: (602)743-4755

# THE UNITED STATES DISTRICT COURT

## FOR THE

### DISTRICT DIVISION OF OREGON

| | |
|---|---|
| **Joseph Scheinberg** | Case No.: 6:25-CV-00097-AA |
| *Plaintiff* | *(To be filled in by Clerck's Office)* |
| v. | |
| **Oregon Department of Human Services** | **COMPLAINT:** |
| **Child Welfare Division, &** | **DEMAND FOR JUTRY TRIAL** |
| **Jennifer Penny,** | |
| **Social Service Specialist** | |
| *Defendants* | |

# THE UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT DIVISION OF OREGON

| | |
|---|---|
| **Joseph Scheinberg** | Case No.: 6:25-CV-00097-AA |
| *Plaintiff* | *(To be filled in by Clerck's Office)* |
| v. | COMPLAINT: |
| **Oregon Department of Human Services** | DEMAND FOR JUTRY TRIAL |
| **Child Welfare Division, &** | |
| **Jennifer Penny,** | |
| **Social Service Specialist** | |
| *Defendants* | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

### INTRODUCTION

1. **Nature of the Action:** This is a civil rights action seeking redress for violations of Plaintiff's constitutional and statutory rights by Defendants, including the unlawful interference with parental rights, unauthorized encouragement of child relocation, breach of privacy, negligence and due diligence and discriminatory conduct.

### JURISDICTION AND VENUE

2. **Jurisdiction:** This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(a)(3) (civil rights jurisdiction) as this action arises under 42 U.S.C. § 1983.

3. **Venue:** Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as the events giving rise to the claims occurred in the District of Oregon.

**PARTIES**

4. **Plaintiff**: Joseph Scheinberg, a resident of Douglas County Oregon, and the father of [Y.S.].

5. **Defendant**: Oregon Department of Human Services (ODHS), Child Welfare Division, located at 738 W. Harvard Ave., Ste. 120, Roseburg, OR 97471.

6. **Defendant**: Jennifer Penny, Social Service Specialist 1, employed by ODHS at the above address.

**STATEMENTS OF CLAIMS**

7. **Background**: Plaintiff is the legal father of [Y.S.] with established parental rights under Oregon law and its Jurisdiction.

8. **Unauthorized Relocation Encouragement**: In September 2023, Defendant Penny prompted an aid in a form of a grant issued by the Oregon Department of Human Services for the Plaintiff's former spouse, Heather Lynn Legendre, to remove [Y. S.] from the State of Oregon without Plaintiff's consent or a court order, in violation of ORS 107.159, which requires notice and court approval for such relocations. Furthermore, this action contravenes the principles established under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), as adopted in Oregon's ORS Chapter 109, designed to prevent unauthorized interstate child relocations and ensure jurisdictional consistency in custody matters.

9. **Breach of Privacy**: In September 2023, Defendant Jennifer Penny allegedly pressured Plaintiff to disclose personal medical information unrelated to the child's welfare. This action may constitute a violation of the Health Insurance Portability and Accountability Act (HIPAA), specifically under 45 CFR § 164.502, which governs the use and disclosure of protected health information.

10. **Discriminatory Conduct**: Defendant Jennifer Penny, acting under color of state law, engaged in discriminatory conduct toward the Plaintiff by withholding information regarding her actions and determinations. This behavior constitutes a violation of the Plaintiff's right to equal protection under the **Fourteenth Amendment** of the U.S. Constitution. Pursuant to **42 U.S.C. § 1983**, such actions render Defendant Penny liable for the deprivation of the Plaintiff's constitutional rights.

    **Legal Framework:**

    **Fourteenth Amendment – Equal Protection Clause:** This clause prohibits states from denying any person within their jurisdiction the equal protection of the laws, ensuring individuals are not subjected to discriminatory treatment by state actors.

    **42 U.S.C. § 1983:** This federal statute provides a civil cause of action against any person who, under color of state law, subjects another to the deprivation of constitutional rights, including those secured by the Fourteenth Amendment.

**Application to Defendant's Conduct:**

By failing to inform the Plaintiff of her actions and determinations, Defendant Penny engaged in discriminatory behavior that infringed upon the Plaintiff's right to equal protection under the law. Such conduct, performed under the authority of her official position, constitutes a violation of 42 U.S.C. § 1983, which holds state actors accountable for depriving individuals of their constitutional rights.

11. **Negligence and Due Diligence:** Defendant Jennifer Penny, in her capacity as a child protective services worker, failed to conduct a thorough investigation or exercise due diligence regarding allegations of drug use and abuse by the Plaintiff's former spouse, Heather Lynn Legendre, during the period she was breastfeeding their minor child, aged 1.5 years at the time. Despite these serious allegations, Defendant Penny placed the child with Ms. Legendre without obtaining a court order or convening a hearing to assess the Plaintiff's parental rights or the validity of the abuse claims. Furthermore, Defendant Penny facilitated the removal of the child from the State of Oregon by providing a grant to Ms. Legendre, enabling her to relocate without the Plaintiff's consent.

In making this decision, Defendant Penny relied solely on information provided by Ms. Legendre, the individual accused of abuse, thereby failing to maintain neutrality and proper evaluation standards. She permitted Ms. Legendre to transport the minor out of state without verifying the safety of the child's living environment, including the absence of drug use, and neglected to request any drug testing.

The Plaintiff attempted to engage with Defendant Penny via email and phone during the same week, seeking clarification on her decision. Defendant Penny dismissed the Plaintiff's concerns, stating that the case was closed, despite the Plaintiff subsequently providing photographic evidence to her work email, depicting Ms. Legendre smoking a pipe and appearing under the influence of drugs, which adversely affected the minor's health.

Defendant Penny further stated that the child was now out of state and that "there was nothing that she could do," disregarding the minor's well-being. This sequence of actions demonstrates negligence, a failure to protect the child's safety, and a lack of proper engagement with legal authorities to address the abuse allegations before facilitating the child's removal from his home state without court authorization or the father's consent.

**Relevant Statutes:**

**Oregon Revised Statutes (ORS) § 409.185:** Mandates the Department of Human Services to implement child protective services to safeguard children's welfare.

**ORS § 419B.005 to 419B.050:** Outlines the responsibilities and procedures for child abuse reporting and investigations, emphasizing the duty to protect children from harm.

**Federal Child Abuse Prevention and Treatment Act (CAPTA), 42 U.S.C. § 5106g:** Defines child abuse and neglect, setting minimum standards for states to follow in protecting children.

Defendant Penny's actions appear to contravene these statutes by failing to conduct a proper investigation, neglecting to protect the child from potential harm, and facilitating the child's removal from the state without legal authorization or the non-custodial parent's consent.

12. **Neglecting to Investigate Allegations:** Asserting that Defendant Penny did not adequately investigate reports of the former spouse's drug use and breastfeeding the minor, potentially violating ORS 419B.005 to 419B.050, which mandate the investigation of child abuse allegations and no drugs test was performed or requested.

13. **Facilitating Child Endangerment:** Arguing that by placing the child with a parent allegedly engaged in drug use, Defendant Penny may have contravened ORS 163.575, which prohibits endangering the welfare of a minor.

    **Disregarding Health Guidelines:** Highlighting that Defendant Penny's actions were contrary to public health advisories against substance use during breastfeeding, as outlined by the Oregon Health Authority.

## CLAIMS FOR RELIEF

### Count I: Violation of Fourteenth Amendment Due Process Rights (42 U.S.C. § 1983)

11. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

12. Defendants, acting under color of state law, deprived Plaintiff of his fundamental right to parent his child without due process, as guaranteed by the Fourteenth Amendment.

### Count II: Violation of Fourteenth Amendment Equal Protection Rights (42 U.S.C. § 1983)

13. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

14. Defendants' discriminatory actions towards Plaintiff, based on [race/other protected characteristic], violated the Equal Protection Clause of the Fourteenth Amendment.

### Count III: Violation of Privacy Rights (HIPAA)

15. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

16. Defendant Penny's coercion to disclose personal medical information without consent violated Plaintiff's privacy rights protected under HIPAA.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

**a. Compensatory Damages:** Award Plaintiff monetary damages in the amount of $110 Million Dollars representing compensation for emotional distress, loss of parental relationship and companionship, violation of constitutional parental rights and other related harms.

**b. Punitive Damages:** Award Plaintiff punitive damages in the amount of $10 Million Dollars to penalize Defendants for their willful and malicious conduct and to deter similar future actions.

**c. Injunctive Relief:** Issue an injunction requiring Defendants to:

**i. Implement and enforce policies:** ensuring **mandate the request of drug testing** ensuring that no child should be breastfeed while or under the influence by a parent **to protect all minors,** and equitable treatment of all parents, regardless of **gender, color of skin, language, sex, nationality, age** and **religion** in decisions affecting parental rights and child custody.

**ii. Mandate comprehensive training:** programs for DHS personnel to promote adherence to constitutional rights, prevent bias, and uphold due process principles in all child welfare interventions.

**d. Attorney's Fees and Costs:** Award Plaintiff reasonable attorney's fees and costs incurred in bringing this action.

**e. Other Relief:** Grant such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: 1/8/2025

**Joseph Scheinberg,**

_____
Signature

Joseph Scheinberg

12226 Corporate Blvd Ste 142-508

Orlando, FL 32817

Fax#: 602 584 7443