IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JOSEPH SCHEINBERG,

           Plaintiff,

   v.

JENNIFER PENNY; HEATHER LYNN LEGENDRE,

           Defendants.

Civ. No. 6:25-cv-00097-AA

**OPINION & ORDER**

AIKEN, District Judge.

    This case comes before the Court on a Motion for Temporary Restraining Order, ECF No. 7, and Motions to Amend the Complaint, ECF Nos. 6, 8, filed by self-represented Plaintiff Joseph Scheinberg. These motions are suitable for resolution without oral argument. Local Rule 7-1(d)(1).

    **I.   Motions to Amend the Complaint**

    Plaintiff filed two motions seeking leave to amend to amend the complaint within hours of each other. ECF Nos. 6, 8. These motions appear substantially

identical, save for the order of the documents, and so the Court will resolve them together.

Under Federal Rule of Civil Procedure 15, a "party may amend its pleading *once* as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1) (emphasis added).

In this case, Plaintiff has not previously amended his Complaint, and the docket does not reflect that Plaintiff has caused Defendants to be served with summonses or the original Complaint. Plaintiff is therefore within the window in which he may amend his pleadings once without leave of the Court. The Court concludes that Plaintiff's motions for leave to amend are MOOT, as leave is not required for this amendment. The Court will accept Plaintiff's proposed Amended Complaint as the operative pleading. Plaintiff is directed to file his Amended Complaint as a separate docket entry within seven days of the date of this Order. In addition, Plaintiff is cautioned that is his responsibility to ensure that Defendants are properly served in accordance with the requirements of the Federal Rules of Civil Procedure.

## II.     Motion for Temporary Restraining Order

Plaintiff seeks a TRO enjoining enforcement of an Arkansas restraining order and divorce decree involving Plaintiff and his former spouse, Defendant Heather Lynn Legendre.

"In deciding whether to grant a motion for a temporary restraining order ('TRO'), courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *Pacific Kidney & Hypertension LLC v. Kassakian*, 156 F. Supp.3d 1219, 1222 (D. Or. 2016). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction must show (1) that he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his or her favor; and (4) an injunction is in the public interest. *Id.* at 20.

In the Ninth Circuit, courts may apply an alternative "serious questions" test which allows for a preliminary injunction where a plaintiff shows that "serious questions going to the merits" were raised and the balance of hardships tips sharply in plaintiff's favor, assuming the other two elements of the *Winter* test are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). This formulation applies a sliding scale approach where a stronger showing on one element may offset a weaker showing in another element. *Id.* at 1131. Nevertheless, the party requesting a preliminary injunction must carry its burden of persuasion by a "clear showing" of the four elements set forth above. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

The Court has reviewed the filings in this case and concludes that Plaintiff has not carried his burden and has failed to make the showing necessary to support the extraordinary and drastic remedy of a TRO.

## CONCLUSION

Plaintiff's Motions for Leave to Amend the Complaint, ECF Nos. 6, 8, are MOOT, as no leave is required for amendment under Federal Rule of Civil Procedure 15(a)(1). Plaintiff is to file his Amended Complaint as a separate docket entry within seven (7) days of the date of this Order. Plaintiff's request for a TRO, ECF No. 7, is DENIED. This denial is without prejudice to any subsequent request for a preliminary injunction.

It is so ORDERED and DATED this ___3rd___ day of February 2025.

                                            /s/Ann Aiken
                                            ANN AIKEN
                                            United States District Judge