IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JOSEPH SCHEINBERG,

           Plaintiff,

    v.

JENNIFER PENNY; HEATHER LYNN LEGENDRE,

           Defendants.

Civ. No. 6:25-cv-00097-AA

**OPINION & ORDER**

AIKEN, District Judge.

This case comes before the Court on a series of motions filed by Plaintiff Joseph Scheinberg, ECF No. 20, 22, and by Defendant Heather Lynn Legendre, ECF No. 23. For the reasons set forth below, the Court DENIES Plaintiff's Motions and GRANTS Legendre's Motion. The Court orders that Exhibit O to the "Supplement" filed by Plaintiff on February 28, 2025, ECF No. 21, be SEALED.

## DISCUSSION

### I. Certification of Conferral

As a preliminary matter, the Court notes that neither Plaintiff, nor Legendre have complied with the requirements of the Local Rules for the District of Oregon. Local Rule 7-1 provides that, other than motions for temporary restraining orders, the "first paragraph of every motion must certify that" (1) the parties made "a good

faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so;" or (2) the opposing party willfully refused to confer; or (3) the opposing party is a prisoner not represented by counsel. LR 7-1(a)(1). When conferring, "the parties must discuss each claim, defense, or issue that is the subject of the proposed motion." LR 7-1(a)(2). "The Court may deny any motion that fails to meet this certification requirement." LR 7-1(a)(3).

Here, neither party has certified that they have conferred or been unable to do so. The Court notes, however, that both Plaintiff and Legendre are self-represented and that previous filings indicate that there are court-order limitations on the parties' ability to communicate with each other. The Court will therefore proceed with consideration of the motions. However, the parties are directed to familiarize themselves with the Local Rules for the District of Oregon, which are available on the Court's public website, and are ordered to comply with those Rules in future filings. However, neither party should interpret this directive as contravening any existing court order or requiring either party to violate the orders of any other court concerning communication between the parties. If the parties are forbidden to communicate by a court order, then they should include a conferral statement in the first paragraph of future motions stating that they were unable to confer.

## II. Plaintiff's "Motion to Remove Illegitimate Name and Assert the Violation of Federal Law"

Plaintiff's "Motion to Remove Illegitimate Name" seeks to have this Court remove all references to the name "Jose Martinez" in connection with Plaintiff.

Plaintiff also appears to seek to commence a criminal prosecution of Legendre related to the use of the name "Jose Martinez" under a series of federal criminal statutes. Plaintiff is a private citizen and so lacks standing to commence a criminal prosecution, nor is this the appropriate venue for such a thing. *See Tia v. Criminal Investigation Demanded as Set Forth*, 441 Fed. App'x 457, 458 (9th Cir. 2011) (holding that a private citizen "lacks standing to compel an investigation or prosecution of another person."). In addition, federal criminal statutes rarely provide a private right of action. They are enforced by federal prosecutors, not private citizens. The Court also declines to sanction Legendre for her use of the name "Jose Martinez."

Plaintiff's "Motion to Remove Illegitimate Name" is frivolous and it is DENIED.

### III. Plaintiff's "Motion to Admit Audio Recordings as Evidence to Dispute False Allegations and Establish the True Events"

Plaintiff's second motions seek to submit evidence to the Court. While there is a correct procedural point at which evidence may be submitted, this is not that time. The Court does not consider evidence in the abstract or in isolation from good faith legal arguments. To the extent that Plaintiff wishes the Court to consider the audio recordings in connection with his request for a TRO, that motion has already been denied. ECF No. 9.

No dispositive motions have been filed, nor is it the time for such motions. The Court notes that the other Defendant, Jennifer Penny, has not yet appeared in this

matter and the time for her appearance has not yet run. Plaintiff's "Motion to Admit Audio Recordings" is DENIED.

### IV. Legendre's "Motion to Seal Previous Filed Document"

Legendre has filed a motion seeking to seal Exhibit O to Defendant's Supplemental Response. ECF No. 21. Exhibit O is a medical record containing sensitive medical information concerning Legendre.

There is a strong presumption favoring the public's right of access to court records which should be overridden only for a compelling reason. *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the sue of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotation marks and citation omitted). "The need to protect medical privacy has qualified as a 'compelling reason' for sealing records in connection with a dispositive motion." *Tooker v. T Mak*, Case No. 20-cv-07373-HSG, 2022 WL 1131633, at *3 (N.D. Cal;. Mar. 7, 2022).

Here, the nature of Plaintiff's filings has raised the Court's concern that the submission of Legendre's private medical records is an act of private spite by Plaintiff. However, the Court notes that, as in *Tooker*, the need to protect medical privacy is sufficiently compelling on its own to justify the sealing of the exhibit. The Court will

therefore GRANT Plaintiff's motion and order that Exhibit O to ECF No. 21 be SEALED.

## CONCLUSION

For the reasons set forth above, Plaintiff's motions, ECF Nos. 20, 22, are DENIED. Defendant Legendre's Motion to Seal, ECF No. 23, is GRANTED and Exhibit O to ECF No. 21 will be SEALED.

It is so ORDERED and DATED this ___4th___ day of March 2025.

        /s/Ann Aiken
        ANN AIKEN
        United States District Judge