IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JOSEPH SCHEINBERG,

        Plaintiff,

    v.

JENNIFER PENNY; HEATHER LYNN LEGENDRE,

        Defendants.

Civ. No. 6:25-cv-00097-AA

**OPINION & ORDER**

AIKEN, District Judge.

    This case comes before the Court on "Plaintiff's Emergency Motion for Preliminary Injunction to Halt Ongoing Constitutional Rights Violations and Enforce Federal Jurisdiction Under 42 U.S.C. § 1983." ECF No. 24. The Court interprets this motion as a renewed motion for a TRO. Plaintiff has previously sought a TRO, which the Court denied on February 3, 2025. ECF Nos. 7, 9.

    "In deciding whether to grant a motion for a temporary restraining order ('TRO'), courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *Pacific Kidney & Hypertension LLC v. Kassakian*, 156 F. Supp.3d 1219, 1222 (D. Or. 2016). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7,

22 (2008). A plaintiff seeking a preliminary injunction must show (1) that he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his or her favor; and (4) an injunction is in the public interest. *Id.* at 20.

In the Ninth Circuit, courts may apply an alternative "serious questions" test which allows for a preliminary injunction where a plaintiff shows that "serious questions going to the merits" were raised and the balance of hardships tips sharply in plaintiff's favor, assuming the other two elements of the *Winter* test are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). This formulation applies a sliding scale approach where a stronger showing on one element may offset a weaker showing in another element. *Id.* at 1131. Nevertheless, the party requesting a preliminary injunction must carry its burden of persuasion by a "clear showing" of the four elements set forth above. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

The Court has reviewed Plaintiff's submissions, considered the relevant factors, and determined that Plaintiff has not met his burden of demonstrating entitlement to the extraordinary remedy of a TRO. To the extent that this motion was intended to serve as a motion for a preliminary injunction, rather than a motion for a TRO, it lacks a certification of conferral (or certification of the inability to confer) which provides an independent basis for denial of the motion. Local Rule 7-1(a)(1), (3). In addition, one of the Defendants in this case has not yet appeared, and the time

for their appearance has not yet run. There is no indication that this motion was served on that Defendant. Plaintiff's Motion is DENIED.

## CONCLUSION

For the reasons set forth above, Plaintiff's "Plaintiff's Emergency Motion for Preliminary Injunction to Halt Ongoing Constitutional Rights Violations and Enforce Federal Jurisdiction Under 42 U.S.C. § 1983," ECF No. 24, which the Court construes as a renewed motion for a Temporary Restraining Order is DENIED. This denial is without prejudice to a future motion for preliminary injunction.

It is so ORDERED and DATED this ___4th___ day of March 2025.

/s/Ann Aiken
ANN AIKEN
United States District Judge