IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JOSEPH SCHEINBERG,

           Plaintiff,

  v.

JENNIFER PENNY; HEATHER LYNN LEGENDRE,

           Defendants.

Civ. No. 6:25-cv-00097-AA

**OPINION & ORDER**

AIKEN, District Judge.

    This case comes before the Court on a Motion to Dismiss filed by Defendant Jennifer Penny. ECF No. 30. Self-represented Plaintiff Joseph Scheinberg has not responded to Penny's Motion. Self-represented Defendant Heather Legendre has also filed a document identified as "Motion to Appeal and Squashing the Civil Action." ECF No. 16. The Court construes this filing as a motion to dismiss. Plaintiff has responded to Legendre's Motion. ECF No. 19. The Court concludes that both motions are suitable for resolution without oral argument. For the reasons set forth below, the motions are GRANTED and this case is DISMISSED.

**LEGAL STANDARDS**

    To survive a motion to dismiss under the federal pleading standards, a pleading must contain a short and plain statement of the claim and allege "sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a pleading does not require "detailed factual allegations," it needs more than "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 677-78. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. Legal conclusions without any supporting factual allegations do not need to be accepted as true. *Id.*

## BACKGROUND

The following facts are derived from the Amended Complaint, ECF No. 10. Plaintiff Joseph Scheinberg is the father of a child with Defendant Heather Lynn Legendre. Defendant Jennifer Penny is an employee of the Oregon Department of Human Services ("DHS").

Plaintiff alleges that Penny assisted Legendre in securing funds from DHS, which allowed Legendre to move to Arkansas. Legendre subsequently initiated custody proceedings in Arkansas where she was awarded custody of the child.

## DISCUSSION

Plaintiff brings claims for violation of his Fourteenth Amendment due process rights against Penny pursuant to 42 U.S.C. § 1983 and a claim for a conspiracy for violate his civil rights against Penny and Legendre pursuant to 42 U.S.C. § 1985(3).

Plaintiff also appears to seek to bring a *Monell* claim against Penny. Finally, Plaintiff brings a claim for "Fraud-Based Due Process Violations & Forum Shopping" pursuant to Federal Rule of Civil Procedure 60(b)(4).

Much of Plaintiff's filings and briefing are given over to efforts to relitigate the Arkansas state court's jurisdictional determinations and custody rulings in prior proceedings between Plaintiff and Legendre. Federal district courts do not possess appellate jurisdiction over state court decisions. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) ("The United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings."). The Court cannot review the decisions of the Arkansas state court, even if it wished to do so.

In addition, the Court is not satisfied that it would otherwise possess jurisdiction, given that the rulings were made in Arkansas and concern the rights of Plaintiff, who lives in Florida, and Legendre, who now lives in Arizona.

Similarly, Plaintiff's filings are replete with allegations that Legendre has violated various criminal statutes. The Court has previously explained to Plaintiff, ECF No. 25, that, as a private citizen, he does not have standing to pursue the criminal prosecution of another person.

I.     **42 U.S.C. § 1983**

Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff

must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

Plaintiff alleges that Penny "fail[ed] to provide Plaintiff with due process before approving and processing unauthorized DHS-assisted relocation." Am. Compl. ¶ 3. Plaintiff alleges that "[b]y neglecting her legal duty to ensure compliance with federal and state jurisdictional laws, Penny enabled Legendre to manipulate the court system and file fraudulent claims in Arkansas." *Id.* More specifically, Plaintiff alleges that Penny violated his Fourteenth Amendment due process rights by "failing to notify him or provide him a hearing before facilitating the unlawful relocation of his minor child" by approving and issuing "DHS-funded relocation assistance to Legendre, allowing her to move the child out of state without legal authorization or Plaintiff's consent." *Id.* at ¶¶ 10-11.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "To state a prima facie substantive or procedural due process claim, one must, as a threshold matter, identify a liberty or property interest protected by the Constitution." *United States v. Guillen-Cervantes*, 748 F.3d 870, 872 (9th Cir. 2014).

Read in the light most favorable to Plaintiff, the Amended Complaint alleges a violation of Plaintiff's procedural due process rights. "The Due Process Clause forbids the governmental deprivation of substantive rights without constitutionally

adequate procedure." *Shanks v. Dressel*, 540 F.3d 1082, 1090-91 (9th Cir. 2008). To prevail on a procedural due process claim, a plaintiff must establish: (1) a constitutionally protected liberty or property interest; (2) a deprivation of that interest by the government; and (3) a lack of adequate process. *Id.* at 1090.

However, Plaintiff does not sufficiently allege that he possessed a due process right to notice or a hearing before unspecified DHS funds were disbursed to Legendre or before Legendre, who is a private citizen, moved to another state. To sustain a § 1983 claim for failing to perform some act, it must be one the defendant was obligated to perform. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or *omits to perform an act which he is legally required to do* that causes the deprivation of which complaint is made. (emphasis added)); *see also Hawking v. El Dorado Tow Co.*, 356 Fed. App'x 957, 958 (9th Cir. 2009) (affirming the dismissal of a due process claim alleging lack of notice where the defendant had no legal obligation to provide notice); *Islas-Luna v. I.N.S.*, 60 Fed. App'x 140, 142-43 (9th Cir. 2003) (similarly rejecting a due process claim based on lack of notice when there was no obligation to provide the notice at issue).

Here, there is no allegation that Plaintiff and Legendre's child was taken into DHS custody or that Penny had any authority to grant or withhold authorization for Legendre to leave Oregon. As to the alleged disbursal of DHS funds, the factual allegations are limited but notably do not suggest that Plaintiff had any personal

entitlement to the money or any facts suggesting that he has standing to challenge the disbursal of money to another person. Accordingly, Plaintiff's Fourteenth Amendment due process claim against Penny fails.

## II. *Monell* liability

In *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978), the Supreme Court held that municipalities can, in certain situations, be held liable for under § 1983. However, neither of the Defendants in this case is a municipality. And "an individual employee cannot be liable under a *Monell* theory of liability." *Kuhn v. City of Albany*, Civ. No. 6:18-cv-01254-JR, 2018 WL 6313610, at *1 (D. Or. Oct. 10, 2018). Plaintiff's *Monell* claim fails because it is alleged against individuals.

## III. 42 U.S.C. § 1985

To allege a conspiracy in violation of 42 U.S.C. § 1985(3), a plaintiff must allege: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000). Critically, to make out a claim under § 1985(3), "a plaintiff must, among other things, establish 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's actions.'" *Appling v. City of Los Angeles*, 701 Fed. App'x 622, 626 (9th Cir. 2017) (quoting *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992)). The general rule "is that section 1985(3) is extended beyond race only when the class in question can show that there has been some governmental determination

that its members require and warrant special federal assistance in protecting their civil rights." *Sever*, 978 F.2d at 1536 (internal quotation marks and citation omitted).

Here, Plaintiff does not allege membership in any protected class, nor does he allege that animus towards that protected class on the part of Defendants. Plaintiff's § 1985 claim therefore fails.

### IV. Other Claims

Plaintiff's final claim alleges "Fraud-Based Due Process Violations & Forum Shopping." Plaintiff purports to bring this claim pursuant to Federal Rule of Civil Procedure 60(b)(4). As noted, this Court does not possess appellate jurisdiction over Arkansas state courts. If Plaintiff is dissatisfied with the rulings of an Arkansas state court or believes that they are premised on legal errors, he must seek relief from the appellate courts of Arkansas.

As to Plaintiff's contention that the Arkansas judgments are void for purposes of Rule 60(b)(4), this Court again lacks jurisdiction. "Neither Rule 60(b) per se nor, for that matter, any other of the Federal Rules of Civil Procedure was ever designed to apply to proceedings in other than the United States District Courts." *Rose v. California*, Case No. 3:21-cv-0267-CAB-BGS, 2021 WL 2012264, at *1 (S.D. Cal. May 19, 2021) (internal quotation marks and citations omitted, alterations normalized). "While Rule 60(b) can be used to relieve a party from a final judgment, order, or proceeding issued by a United States District Court, it cannot be used to relieve [a plaintiff] of an order, judgment, or proceeding issued by a state court[.]" *Smalling v. State of Arizona*, No. CV 09-1062-PHX-MHM (DKD), 2009 WL 2177318, at *2 (D.

Ariz. July 21, 2009). A motion pursuant to Rule 60(b) "is not an appropriate vehicle" to challenge a state court judgment and federal courts lack the jurisdiction to entertain such a motion. *Rose*, 2021 WL 2012264, at *1.

To the extent Plaintiff seeks to bring a claim for fraud, his pleadings fall well short of the pleading standards for fraud. Under Oregon law, a plaintiff seeking to bring a claim for fraud must plead and prove (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted upon; (6) the injured party's ignorance of its falsity; (7) the injured party's reliance upon the truth of the representation; and (8) the injured party's right to rely on the its truth. *Gunner, LLC v. Miller*, 332 Or. App. 263, 266 (2024). Fraud is subject to heightened pleading standards in federal court. Federal Rule of Civil Procedure 9 requires a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Here, Plaintiff does not sufficiently allege the elements of claim for fraud, either generally or with the particularity required by Rule 9. To the extent Plaintiff seeks to bring a claim for fraud, it is dismissed.

V.     **No Further Leave to Amend**

For the reasons set forth above, Plaintiff's claims fail, and the amended complaint must be dismissed and so the Court must consider whether dismissal should be with or without leave to amend. Although Plaintiff is self-represented, and so generally accorded greater latitude in amendment, Plaintiff has already amended his complaint and courts have "particularly broad" discretion to deny leave to amend

where the plaintiff has already had one or more opportunities to amend a complaint. *Chodos v. West Publ'g*, 292 F.3d 992, 1003 (9th Cir. 2002). The Court has carefully considered the defects in his claims and concludes that they cannot be remedied by the allegation of additional facts. As noted, Plaintiff failed to respond to Penny's Motion to Dismiss and, in doing so, has forfeited his opportunity to suggest possible amendments that might salvage his claims. The Court concludes that granting further leave to amend would be futile and so dismissal will be without further leave to amend.

## CONCLUSION

For the reasons set forth above, Defendant Penny's Motion to Dismiss, ECF No. 30, and Defendant Legendre's Motion to Appeal and Squashing the Civil Action, ECF No. 16, which the Court interprets as a motion to dismiss, are GRANTED and this case is dismissed without further leave to amend. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ___9th___ day of July 2025.

      /s/Ann Aiken
      ANN AIKEN
      United States District Judge